ANTONETTE POWERS ET UX., PLAINTIFFS, v. NATHAN STRAUS, INCORPORATED, DEFENDANT.

Decided November 20, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the rule, *Edwin F. Smith* and *Andrew O. Wittreich*.

*Contra, Aaron L. Simon.*

PER CURIAM.

This suit was instituted by Mrs. Powers to recover compensation for injuries received by her while in the store of the defendant corporation as a customer. Her husband is joined as a co-plaintiff, and seeks to recover moneys expended by him in the treatment of his wife's injuries, and also for the loss of her services and society. The trial resulted in verdicts in favor of the plaintiffs, the jury awarding Mrs. Powers $4,000 and her husband $500. We are asked to set aside these verdicts on two grounds: first, because they are contrary to the weight of the evidence; and, second, because they are excessive.

The case submitted by the plaintiffs showed that Mrs. Powers, on the 11th of February, 1930, went into the store of the defendant corporation to purchase some fish and clams. After purchasing the fish, she was told by the clerk that they

had not yet received a bag of clams which they were expecting, and he asked her to wait for a few minutes, as the time for delivery thereof had already arrived. In a very short time thereafter a bag of clams was brought into the rear of the store and deposited near the end of the counter and opposite the ice-box. The clerk then asked her to accompany him to the end of the counter and show him the size of the clams that she wanted. In accordance with this request, she followed him to the rear of the store and the end of the counter, and stood in front of the ice-box, with her back to it, while he cut the cord of the bag. Just as he finished doing this, the door of the ice-box was opened by another clerk of the defendant company, who was inside the box, and she was struck in the back with the handle thereof. The door was a very heavy one, and, as a result of the blow, she was severely bruised, and shortly afterwards sustained a miscarriage. The defendant's witnesses denied that Mrs. Powers had been invited to the rear of the store by the clerk, and testified that, on the contrary, she was told not to follow him there, and that her presence at the rear of the counter at the time of the accident was the result of her disregard of the clerk's instruction.

The contention in support of the first ground for setting the verdicts aside is that the proof that Mrs. Powers had been invited to come to the rear of the store and the end of the counter was contrary to the great weight of the evidence, and that, in fact, the proof submitted by the defendant practically demonstrated that she had disregarded the instruction of the clerk in coming there. We are not impressed with this contention. On the contrary, our examination of the proofs satisfies us that the jury was fully warranted in determining that the accident happened under the conditions testified to by the plaintiff Mrs. Powers and her witness. This being so, we conclude that the first ground for setting aside the verdicts is without merit.

As to the second contention—namely, that the verdicts are excessive—our examination of the proof with relation to the character of the injury and the subsequent miscarriage satis-

fies us that the award of $4,000 to her was grossly excessive. If she will consent to reduce the verdict to $2,000, the rule to show cause so far as it relates to the verdict in her favor will be discharged. Otherwise it will be made absolute. As to the award to the husband of $500: We consider that, under the evidence in the case, it was very reasonable, and conclude, therefore, that the rule to show cause so far as it is directed at his verdict should be discharged.